**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLARENCE WILLIAM BORNS,

                Petitioner,             Case Number: 2:17-CV-13694
                                        HON. ARTHUR J. TARNOW

v.

BONITA HOFFNER,

                Respondent.

_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO STAY PROCEEDING, DENYING AS MOOT RESPONDENT'S MOTION TO HOLD ORDER IN ABEYANCE, AND ADMINISTRATIVELY CLOSING CASE

Michigan state prisoner Clarence William Borns has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his convictions for assault with intent to murder, assault with intent to do great bodily harm, felon in possession of a firearm, and possession of a firearm during the commission of a felony. Now before the Court is Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance. For the reasons set forth below, the Court grants the motion and administratively closes the case.

## I. Background

Petitioner was convicted by a jury in Wayne County Circuit Court. He filed an appeal of right in the Michigan Court of Appeals raising claims that the admission of hearsay testimony violated his rights under the Confrontation Clause and that insufficient evidence supported his assault with intent to murder conviction. The Michigan Court of

Appeals affirmed Petitioner's convictions. *People v. Borns*, No. 318376, 2014 WL 7442251 (Mich. Ct. App. Dec. 30, 2014). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal. *People v. Borns*, 498 Mich. 866 (Mich. July 28, 2015).

On October 26, 2016, Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) trial counsel was ineffective in handling of potential alibi witnesses; (ii) trial counsel was ineffective in failing to move for funds to hire a defense expert; (iii) right to a fair trial violated by suggestive photographic lineups and counsel was ineffective in failing to move to suppress identification testimony; (iv) ineffective assistance of appellate counsel; and (v) trial court abused its discretion. The trial court denied the motion. *See* 3/29/2017 Opinion, ECF No. 1, Pg. ID 117-23. The Michigan Court of Appeals denied Petitioner's application for leave to appeal the trial court's decision. *People v. Borns*, No. 338697 (Mich. Ct. App. Aug. 31, 2017). Petitioner filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court has not yet issued an order on the application.

On November 2, 2017, Petitioner filed the pending habeas corpus petition raising the same claims raised on direct and collateral review in state court. Petitioner also filed a motion to stay further proceedings pending a decision from the Michigan Supreme Court on his application to leave to appeal.

## II.  Discussion

Petitioner's application for state-court collateral review of his convictions is currently pending in the Michigan Supreme Court.  Petitioner states that he filed the present habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations.  Petitioner asks the Court to stay the petition while he completes exhaustion of his state court remedies.

A federal court may stay a federal habeas corpus proceeding pending resolution of state post-conviction proceedings.  *See Rhines v. Weber*, 544 U.S. 269, 276 (2005) ("District courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion.") (citations omitted).  In *Rhines*, the Supreme Court held that a federal court may stay a petition for habeas corpus relief and hold further proceedings in abeyance while a petitioner exhausts unexhausted claims if outright dismissal of the petition would jeopardize the timeliness of a future petition, there is good cause for the petitioner's failure to exhaust state court remedies, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory tactics."  *Id.* at 278.

Petitioner's unexhausted claims are best first addressed and decided by the state courts.  The Court anticipates no prejudice to Respondent in staying the petition.  Petitioner also has alleged good cause for failure to exhaust his state court remedies.  He alleges that appellate counsel was ineffective for failing to raise these issues on direct appeal, which raises a claim of constitutional magnitude.  Further, outright dismissal of

the petition could jeopardize the timeliness of a future petition because it appears that only one day remains of the one-year limitations period.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To resume this case, Petitioner must move this Court to lift the stay within sixty days of completing the exhaustion of his state court post-conviction remedies. *See Hargrove v. Brigano*, 300 F. 3d 717, 718 (6th Cir. 2002). If Petitioner does not file a motion to lift the stay within sixty days of completing the exhaustion of his state court remedies, this case will remain closed.

### III. Conclusion

For the reasons stated above, Petitioner's Motion to Stay Proceedings and Hold Petition in Abeyance (Dkt. 3) is GRANTED. Accordingly, these proceedings are STAYED and this petition is HELD IN ABEYANCE while Petitioner exhausts his new claims in state court.

If Petitioner wants to resume this case after completing the exhaustion of his new claims in state court, Petitioner must file a motion to lift the stay within sixty days of the conclusion of state court proceedings. To avoid any administrative difficulties, the Clerk of Court is directed to CLOSE this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

Respondent's Motion for Court to Hold its Order Requiring Responsive Pleading

in Abeyance (Dkt. 8) is DENIED AS MOOT.

SO ORDERED.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: March 21, 2018

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 21, 2018, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant