UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE W. BORNS,**<br><br>Petitioner,<br><br>vs.<br><br>**NOAH NAGY,**[1]<br><br>Respondent. | 2:17-CV-13694-TGB<br><br>**OPINION AND ORDER**<br><br>**GRANTING MOTION TO AMEND PETITION AND ACCEPTING ATTACHED AMENDMENT FOR FILING (ECF NO. 15)**<br><br>**DENYING MOTION TO LIFT STAY AS MOOT (ECF NO. 16)**<br><br>**GRANTING IN PART AND DENYING IN PART MOTION TO AMEND MOTION TO LIFT STAY (ECF NO. 17), LIFTING STAY AND REOPENING THE CASE**<br><br>**ORDERING SERVICE OF THE AMENDED PETITION (ECF NO. 15) AND SETTING DEADLINES**<br><br>**DENYING MOTION TO SHOW CAUSE (ECF NO. 18)**<br><br>**DENYING MOTION TO APPEAL ORDER REVOKING BAIL (ECF NO. 19)** |

---

[1] The Court orders the caption for this case be amended to reflect that the proper respondent in this case is now Noah Nagy, the warden of the prison where Petitioner is currently incarcerated. See Rules Governing § 2254 cases, R.2(a), 28 U.S.C. § 2254.

On November 13, 2017, Petitioner Clarence W. Borns filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On March 21, 2018, the Court stayed the petition to allow Petitioner to return to state court to complete exhaustion of unexhausted claims. (ECF No. 10.) On March 8, 2019, the Court granted Petitioner's request to extend the stay to allow him to file a successive motion for relief from judgment in the trial court to raise claims arising from newly-discovered evidence. (ECF No. 13.) The matter was reassigned from Judge Tarnow to the undersigned on February 16, 2022, pursuant to Administrative Order 22-AO-007. Now before the Court are Petitioner's motion to amend his petition, motion to lift stay, motion to amend motion to lift stay, motion to show cause, and motion to appeal order revoking bail.

For reasons discussed, the Court **GRANTS** Petitioner's Motion to Amend Habeas Petition. (ECF No. 15). The Court **GRANTS IN PART AND DENIES IN PART** Petitioner's Motion to Amend Motion to Lift Stay, (ECF No. 17), and **DENIES AS MOOT** Petitioner's first Motion to Lift Stay. (ECF No. 16). The Court also **DENIES** Petitioner's Motion to Show Cause (ECF No. 18) and Motion to Appeal Order Revoking Bail. (ECF No. 19).

## Motion to Lift Stay, Motion to Amend Motion to Lift Stay, and Motion to Amend Petition

Petitioner filed a motion to lift stay (ECF No. 16) and, later, a motion to amend the motion to lift stay (ECF No. 17). The motion to amend incorporates an amended motion to lift stay and includes a request for an evidentiary hearing. The Court grants Petitioner's request to amend the first motion to lift stay. The first motion to lift stay is denied as moot.

A federal district court has the discretion to reinstate a habeas corpus petition following the exhaustion of state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). Petitioner asserts that his claims have now been exhausted with the state courts. According to Plaintiff, on April 28, 2011, the Michigan Supreme Court denied Petitioner's Application for Leave to Appeal. ECF No. 17, PageID.1101. And on May 12, 2021, Petitioner filed a Motion to Amend (ECF No. 15). Based upon the representations made in the amended motion, it appears that Petitioner complied with the time requirements imposed by the stay order.[2] The Court therefore orders the stay lifted and the case reopened.

In this same motion, Petitioner also asks for an evidentiary hearing regarding the claims raised on state-court collateral review. If a claim

---

[2] The Order required Petitioner to ask this Court to lift the stay and file an amended petition within sixty days of exhausting his state court remedies. ECF No. 13, PageID.967.

3

has been adjudicated on the merits in state court, federal habeas courts have limited discretion to take new evidence in an evidentiary hearing. *See Cullen v. Pinholster*, 563 U.S. 170, 181-82 (2011). The rules governing federal habeas relief provide that: "If the petition is not dismissed, the judge must review the answer, [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted." Rules Governing § 2254 Cases, Rule 8 (2019). Respondent's answer to Petitioner's application for writ of habeas corpus has not yet been filed. In addition, the record related to state-court collateral proceedings has not yet been filed. Therefore, the request for an evidentiary hearing at this point in the proceedings is premature and the request for such a hearing in this motion will be denied without prejudice.

As directed by the Court's order extending the stay in this matter (ECF No. 13), Petitioner has filed a motion to amend his petition. (ECF No. 15.) Generally, when a pleading is amended, the amended pleading supersedes the original pleading. *See Clark v. Johnston*, 413 Fed. App'x 804, 811 (6th Cir. 2011) ("'[T]he original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading.'") (*quoting* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2010)). However, the original pleading may be incorporated in

4

the amended pleading if the party submitting the amendment "clearly intended" the latter pleading to supplement, rather than supersede, the original pleading. *Id.* Here, Petitioner clearly intended the amendment to supplement rather than supersede the original petition. Because Petitioner is proceeding *pro se* and *in forma pauperis*, the Court will not require him to separately file an amended petition. The Court grants the motion to amend and the original petition is deemed amended to include those arguments set forth in Petitioner's motion to amend.

## Motion to Show Cause

In his motion to show cause (ECF No. 18), Petitioner maintains that Respondent failed to comply with the Court's order requiring a responsive pleading by February 14, 2019 (ECF No. 6). The Court's stay order (ECF No. 10) stayed the deadline imposed by the responsive pleading order (ECF No. 6). The motion is denied.

## Motion to Appeal Order Revoking Bail

Petitioner challenges the state trial court's 2013 decision revoking his pretrial release on bail. (*See* ECF No. 19.) A petitioner's conviction of the crime for which he was detained pretrial moots any claim that the pretrial detention was a constitutional violation. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (holding Petitioner's "claim to pretrial bail was moot once he was convicted"). Here, Petitioner was convicted of the

5

charges for which he was detained during the period preceding the trial, so the challenge to pretrial detention is moot.

To the extent that Petitioner seeks release on bond pending a decision on his habeas corpus petition, his request is denied. Release on bond pending a decision on the merits of a habeas corpus petition is rarely granted. To qualify for release, a petitioner must show: (1) a substantial claim of law based on the facts surrounding the petition, and (2) the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). Here, Petitioner asserts he deserves a "chance to continue on bail conditions, to present a proper defense, and prevent infliction of punishment before conviction." ECF No. 19, PageID.1114. "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Petitioner fails to provide *any* reason, let alone an extraordinary and exceptional circumstances which would merit release on bond.

## Order

For the reasons set forth, the Court **GRANTS** Petitioner's Motion

to Amend Petition (ECF No. 15) and accepts the attached amendment as a supplement to the original petition.

**IT IS FURTHER ORDERED** Petitioner's Motion to Amend Motion to Lift Stay (ECF No. 17) is **GRANTED** but the request for evidentiary hearing is **DENIED,** so this Motion is **GRANTED IN PART AND DENIED IN PART..**

**IT IS FURTHER ORDERED** Petitioner's first Motion to Lift Stay (ECF No. 16) is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** Petitioner's Motion to Show Cause (ECF No. 18) is **DENIED.**

**IT IS FURTHER ORDERED** Petitioner's Motion to Appeal Order Revoking Bond (ECF No. 19) is **DENIED.**

**IT IS FURTHER ORDERED:**
(1) The caption of the case shall be amended to substitute Noah Nagy as the Respondent.

(2) The Clerk of Court shall reopen this case and serve the original and amended petitions (ECF No. 1, 15) and a copy of this Order upon the Respondent and Attorney General for the State of Michigan.

(3) Respondent shall file an answer and the materials required by Rule 5, Rules Governing § 2254 Cases within one hundred (180) days from the date of this Order.

(4) Petitioner has forty-five (45) days from receiving Respondent's answer to file a reply brief.

**IT IS SO ORDERED.**

Dated: March 31, 2022     s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on March 31, 2022.

                                                s/A. Chubb
                                                Case Manager