UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE W. BORNS**, Petitioner, vs. **NOAH NAGY**, Respondent. | **2:17-CV-13694-TGB-EAS** HON. TERRENCE G. BERG **ORDER DENYING MOTION TO DISMISS (ECF NO. 22)** |

Respondent Noah Nagy moves this Court to dismiss the petition for writ of habeas corpus filed by Clarence W. Borns. ECF No. 22. Respondent argues that dismissal is appropriate because the petition was not filed within the applicable statute of limitations under 28 U.S.C. § 2244. *Id.*

For the reasons below, Respondent's motion to dismiss is **DENIED**. The Court **ORDERS** Respondent to submit an answer addressing the merits of Petitioner's claims and any Rule 5 materials not previously submitted to the Court.

## I. BACKGROUND

On November 13, 2017, Borns petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On March 21, 2018, the Court

stayed the petition to allow Petitioner to return to state court to exhaust his unexhausted claims. ECF No. 10. On March 8, 2019, the Court granted an extension of the stay at Petitioner's request, providing Borns an opportunity to file a successive motion for relief from judgment in the trial court raising claims arising from newly-discovered evidence. ECF No. 13.

The matter was reassigned from Judge Tarnow to the undersigned on February 16, 2022. Administrative Order 22-AO-007 ("[E]ffective immediately, the Clerk will reassign all civil and criminal cases with post-judgment matters…to Judge Terrence G. Berg…"). On March 31, 2022, this Court granted Petitioner's motion to amend his petition and reopen the case. ECF No. 20. The Court also required Respondent to file an answer. *Id.* Now before the Court is Respondent's motion to dismiss (ECF No. 22) and Petitioner's response to the motion. ECF No. 24.

## II.   LEGAL STANDARD

Respondent argues that the petition is barred by § 2244's one-year statute of limitations. Title 28 U.S.C. § 2244(d)(1) imposes a one-year limitations period for habeas petitions. As pertains here, a petition must

2

be filed within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2).

The Michigan Supreme Court denied Petitioner's application for leave to appeal on July 28, 2015. *People v. Borns*, 866 N.W.2d 454 (Mich. 2015). Petitioner did not petition for a writ of certiorari with the United States Supreme Court. Thus, his conviction became final on October 26, 2015, when the time for seeking certiorari expired. *See* U.S. Sup. Ct. R. 13; *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for petitioning for a writ of certiorari for direct review in the United States Supreme Court has expired).

The last day on which a petitioner can petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period. *Id.* at 285 ("[T]he one-year statute of

3

limitations begins to run at the expiration of the time for seeking direct review and Rule 6(a) states that the day of the act, event, or default from which the designated period of time begins to run shall not be included[.]"). Accordingly, the limitations period began on October 27, 2015, and Petitioner needed to file his habeas corpus petition within one year, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner argues that, under the prison mailbox rule, his motion for relief from judgment was filed on October 25, 2016, the date he signed the petition.[1] ECF No. 24, PageID.3159. Respondent maintains that the prison mailbox rule does not apply to motions for relief from judgment filed in the state trial courts and that the operative date is November 4, 2016, when the motion was filed on the state court's docket.

Under the mailbox rule applied in federal court to habeas petitions,

---

[1] In his motion to stay filed on November 2, 2017, Petitioner stated that he submitted his motion for relief from judgment on October 26, 2016. ECF No. 3, PageID.137. The Court need not determine whether October 25th or 26th is the operative date because doing so would not alter its decision.

4

a pro se prisoner's court documents are considered filed when the prisoner delivers them to prison authorities for mailing. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Absent contrary evidence, courts assume that a prisoner hands over a pleading to prison officials on the date the prisoner signs the complaint. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

The mailbox rule is justified because "[u]nlike other litigants, pro se prisoners cannot personally travel to the courthouse" and must, instead, "entrust the forwarding of his [pleading] to prison authorities whom he cannot control or supervise and who may have every incentive to delay." *Houston*, 487 U.S. at 271. Generally, an application for collateral review in state court is "properly filed" to toll the statute of limitations when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

### III. DISCUSSION

Respondent argues that the Court may not apply the mailbox rule to its application of the habeas statute of limitations because, at the time

5

Petitioner filed his motion, Michigan's court rules did not apply a mailbox rule to the post-conviction filing. Respondent relies on the Sixth Circuit's decision in *Vroman v. Brigano*, 346 F.3d 598 (2003) to support this argument.

In fact, applying the prison mailbox rule to this case is consistent with Sixth Circuit precedent. In *Vroman*, the petitioner appealed the district court's dismissal of his habeas petition as time-barred. The timeliness question turned on whether his state post-conviction motion was properly filed in the Ohio trial court. The Ohio state courts held that the post-conviction motion was not timely filed under Ohio court rules. *Id.* at 602-03.

The Sixth Circuit denied the petitioner's attempt to use the prison mailbox rule to reconsider the state court's ruling because the Supreme Court of Ohio had "expressly rejected" the prison mailbox rule. *Id.* at 604. The Sixth Circuit also noted that principles of comity required the court to "accept as valid a state court's interpretation of state law and rules of practice of that state" *Id.* Because the state court, applying state law and court rules, held the state post-conviction motion was untimely, the Sixth

6

Circuit declined to disturb that ruling. *Id*. *Vroman* thus stands for the proposition that the prison mailbox rule cannot be used to overcome a state court's prior determination that a post-conviction motion had been untimely filed. *See id.* ("[T]his court will not reconsider the Ohio state courts' determination that Vroman's post-conviction petition was untimely…").

In this case, the Michigan courts did not hold that Petitioner's post-conviction motion was untimely or improperly filed. Nor would the Michigan trial court have reason to consider the motion's timeliness because the Michigan Court Rules do not impose a time limit within which such a motion must be filed. *See* MCR 6.502; *Crutcher v. Colombo*, No. 21-1116, 2021 WL 6803114, at *2 (6th Cir. Nov. 29, 2021) ("In any event…[Petitioner] is not precluded from filing a motion for relief from judgment because Michigan places no time limit upon which such a motion may be filed.").

Moreover, Michigan has not expressly rejected the prison mailbox rule. In 2010, certain Michigan Court Rules were amended to afford prisoners the benefit of the mailbox rule. *See* Staff Comment to February

7

25, 2010 Amendment, foll. MCR 7.105, 7.204, 7.205, 7.302 (applying the mailbox rule to appeals of right and by leave in criminal cases to the Michigan Court of Appeals, and to applications for leave to appeal to the Michigan Supreme court in criminal cases). Later, the Michigan Court Rules were again amended to expand the prison mailbox rule "to any pleading or other document deposited in a prison or jail's mail system[.]" *See* Staff Comment to 2021 Amendment, foll. MCR 1.112.

In short, the Michigan courts have not expressly rejected the mailbox rule. Rather, in recent years, the state courts have *broadened* the rule's reach to apply to any pleading or other document, whether in a criminal or civil proceeding, given to a prison official or deposited in a prison or jail's mail system. *See* MCR 1.112. Thus, application of the prison mailbox rule to determine the timeliness of the habeas petition reflects endorsement of the prison mailbox rule by the Michigan courts. Petitioner's motion for relief from judgment was timely and it was accepted for filing by the trial court.

This Court will not infringe or disturb the state court's application or interpretation of state law by applying federal law to determine

8

whether the petition was timely filed within the federal statute of limitations. *See Fernandez v. Artuz,* 402 F.3d 111, 115 (2d Cir. 2005) ("New York's rejection of the mailbox rule does not preclude its application by a *federal* court in tolling a *federal* statute of limitations.") (emphasis in original). The Court finds that Petitioner's motion for state-court collateral review was filed before the federal one-year statute of limitations expired. The petition is timely and Respondent's motion to dismiss will be denied.

## IV.  CONCLUSION

It is hereby **ORDERED** that Respondent's Motion to Dismiss is **DENIED**.  Respondent is **FURTHER ORDERED** to submit an answer addressing the merits of Petitioner's claims and any Rule 5 materials that have not already been submitted to the Court within 90 days from the date of this Order.

**SO ORDERED**.

s/Terrence G. Berg<br>
TERRENCE G. BERG<br>
United States District Judge

Dated:  September 29, 2023