UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **CLARENCE BORNS**, | Case No. 2:17-CV-13694-TGB |
| Petitioner, | Honorable Terrence G. Berg |
| vs. | **OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR STAY PENDING APPEAL (ECF NO. 41) AND GRANTING PETITIONER'S MOTION FOR RELEASE ON BOND PENDING APPEAL (ECF NO. 38)** |
| **TROY CHRISMAN**, | |
| Respondent. | |

On March 31, 2025, the Court granted Petitioner Clarence Borns a conditional writ of habeas corpus on the ground that he received ineffective assistance of counsel and the state court's decision to the contrary was an unreasonable application of clearly established Supreme Court precedent. *Borns v. Chrisman*, 776 F. Supp.3d 595 (E.D. Mich. 2025). The Court has ordered Petitioner released from state custody unless the State of Michigan initiates proceedings to retry him within 120 days. *Id.* at 624. Respondent has appealed the Court's decision (ECF No. 36) and moved for a stay pending appeal (ECF No. 41). Petitioner has moved for bond pending appeal. (ECF No. 38.)

# I. <u>Legal Standard</u>

Federal Rule of Appellate Procedure 23(c) governs Petitioner's Motion for Bond and Respondent's Motion for Stay. Rule 23(c) provides that "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge ordering the decision … orders otherwise – be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). This rule "undoubtedly creates a presumption" that a successful habeas petitioner should be "release[d] from custody" pending appeal. *Hilton v. Braunskill*, 481 U.S. 770, 774 (1987). That presumption, however, "may be overcome" upon a sufficient showing by the respondent. *Id.*

When a district court considers whether to release a successful habeas petitioner or to stay an order granting habeas relief pending appeal, the Court should consider "the factors traditionally considered in deciding whether to stay a judgment in a civil case." *Id.* at 776. Those factors, enumerated in *Hilton*, are:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.*

The Supreme Court provided this additional guidance in Hilton:

> The interest of the habeas petitioner in release pending appeal, always substantial, will be strongest where the [traditional stay] factors … are weakest. The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control.

*Id.* at 777-78 (citations omitted).

Finally, "[t]he State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal is also a factor to be considered; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* at 777.

## II. Analysis

After weighing the *Hilton* factors, the Court holds that a stay is warranted. The Court further holds that Petitioner is entitled to release on bond subject to the strict conditions detailed below and in a separately issued order.

### A. Likelihood of Success on the Merits

Respondent contends that he is likely to succeed on the merits of the case on appeal. First, Respondent maintains that the petition was

3

untimely and that Court erred by applying the prison mailbox rule and concluding that the petition was filed within the federal statute of limitations. Second, Respondent argues that Petitioner's procedural default of his ineffective assistance of counsel claim cannot be excused because appellate counsel reasonably declined to raise this claim. Third, Respondent contends that, even if the default could be excused, the ineffective assistance of trial counsel claim fails on the merits.

For the reasons stated in detail in the Court's order denying Respondent's motion to dismiss the petition as untimely (ECF No. 25) and opinion granting habeas relief (ECF No. 30), the Court concludes that Respondent has not demonstrated a strong showing of probable success. This factor, therefore, weighs in Petitioner's favor.

### B.  Injury to the State

Second, the Court must consider potential injury to the State. If the Court's order requiring either release or a new trial within 120 days is not stayed, the State faces the prospect of expending substantial resources for a second trial while simultaneously appealing the Court's decision. This factor favors granting a stay.

With respect to the State's interest in Petitioner's continued incarceration, the Court must consider both his risk of flight and any potential danger to the community. Respondent opposes release based on the nature of Petitioner's underlying offense. (ECF No. 15, PageID.7113.) Although Petitioner's criminal history dates to 1990, none

4

of his prior convictions involve violent offenses. There is, however, an outstanding warrant for Petitioner in the 43rd District Court (Madison Heights), where he was charged with carrying a weapon with unlawful intent and failed to appear for arraignment.

Petitioner's institutional record does not raise significant concerns. Since his incarceration for this offense, he has received five misconduct tickets, but none involving violent behavior.

The Court may also consider the length of Petitioner's remaining sentence. "The State's interest in continuing custody … will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentencing remaining to be served." *Hilton*, 481 U.S. 777. Petitioner's earliest release date is February 21, 2035, leaving approximately ten years on his minimum sentence. His maximum discharge date is February 21, 2045.

In sum, Petitioner's institutional record does not suggest a risk of violence, and aside from his current offense, his criminal history does not reflect a pattern of violent behavior. Petitioner's failure to appear on the outstanding warrant can be addressed through strict conditions of release requiring Petitioner to resolve all outstanding warrants. Failure by Petitioner to comply with this condition may result in his bond being revoked. Moreover, Petitioner appears to have strong family support. After considering all of these arguments, the Court concludes that the Respondent's legitimate concerns can be adequately addressed by the

5

imposition of a very strict set of release conditions (described in detail below). Thus, the Court concludes that this factor does not weigh in favor of continuing Petitioner's detention.

### C. Injury to Other Interested Parties

The third *Hilton* factor considers "whether issuance of the stay will substantially injure the other parties interested in the proceeding." *Hilton*, 481 U.S. at 776. When evaluating this factor, courts typically consider whether the habeas petitioner will be irreparably injured by a stay and/or by continued confinement. *See, e.g., Pouncy v. Palmer*, 168 F. Supp. 3d 954, 969 (E.D. Mich 2016).

By itself, granting a stay might arguably cause Petitioner substantial harm, but if he is released on bond pending appeal that harm would be fully mitigated. Petitioner suffers significant harm each day he remains imprisoned under a conviction obtained in violation of the Constitution. *See Newman v. Metrish*, 300 F. App'x 342, 344 (6th Cir. 2008) (characterizing ongoing imprisonment in violation of constitutional rights as a "continuing injury"); *Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) (remedying a prisoner's confinement in violation of the Constitution "is the very essence of the writ of habeas corpus"). This factor weighs heavily in favor of releasing Petitioner pending Respondent's appeal.

### D. Public Interest

Finally, the fourth *Hilton* factor requires consideration of where the public interest lies. "The public has a dual and sometimes competing interest in the State's sentences being enforced and in the State not incarcerating individuals in violation of the United States Constitution." *Poindexter v. Booker*, No. 05-CV71607, 2007 WL 2780556, at *3 (E.D. Mich. Sept. 20, 2007). Here, the public's interest in enforcement of the State's judgments and sentences is substantially outweighed by the Court's conclusion that Petitioner's sentence was imposed in violation of his constitutional right to the effective assistance of counsel.

The public also has an interest in being protected from dangerous individuals. The Court finds that the risk of danger to the public will be sufficiently mitigated by the imposition of strict bond conditions.

### III. Conclusion and Order

The State has a strong interest in a stay of the Court's order requiring the State to re-try Petitioner within 120 days of its grant of habeas corpus relief. It would be a waste of judicial resources to require the State to retry Petitioner while the State is simultaneously appealing to Sixth Circuit Court of Appeals this Court's decision which requires that retrial. Accordingly, the motion for stay pending appeal (ECF No. 41) is **GRANTED**.

The Court concludes that the State has not rebutted the strong presumption that a successful habeas petitioner should be released

pending appeal. Accordingly, Petitioner's motion for release on bond pending appeal (ECF No. 38) is **GRANTED**. Petitioner shall be released on a $10,000.00 unsecured bond. Petitioner must comply with all of the standard conditions of pretrial release set forth adopted by this Court for federal criminal cases (*see* E.D. Mich. L.Cr.R. 32.2) and with the following special conditions:

1. Within three (3) business days of release, Petitioner shall report in person to Pretrial Services at the Theodore Levin Courthouse, 231 W. Lafayette Blvd., Detroit, MI 48226.

2. Upon reporting to Pretrial Services, Petitioner shall review and acknowledge the Order Setting Conditions of Release and Appearance Bond issued separately.

3. Petitioner shall not have any contact, directly or indirectly, with any person who testified against Petitioner at his criminal trial or any person who may reasonably be expected to testify against Petitioner at a re-trial. Petitioner shall not in any way encourage or condone any other person to have such contact. Nothing in this order shall prohibit Petitioner's attorney (or an investigator employed by Petitioner's attorney) from attempting to contact potential witnesses.

4. Petitioner shall not possess a firearm, destructive device, or other dangerous weapons. All firearms, destructive devices, or other dangerous weapons shall be removed from the bond address

and verification shall be provided to the supervising officer within three business days of release.

5. Petitioner shall not use or unlawfully possess a narcotic drug or other controlled substances, unless prescribed by a licensed medical practitioner. Petitioner shall not use or possess marijuana.

6. Petitioner shall submit to drug and alcohol testing as directed.

7. Petitioner shall participate in a program of inpatient or outpatient substance abuse treatment if directed.

8. Petitioner shall resolve all outstanding warrants as directed by the supervising officer.

9. Petitioner shall attend all future court proceedings in the 43rd District Court (docket number 07-6642).

10. The Pretrial Services unit of the Court shall supervise Petitioner while he is released on bond and shall monitor his compliance with the conditions imposed by the Court.

**IT IS SO ORDERED.**

DATED: July 25, 2025

BY THE COURT:

s/Terrence G. Berg
TERRENCE G. BERG
United States District Judge